Filed 4/2/21  P. v. Herrera CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B302278 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA041330) |
| v. | |
| MICHAEL P. HERRERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge.  Appeal dismissed.

—————————————————

Kieran D. C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————————

# I.

In 2000, defendant Michael P. Herrera, a member of a criminal street gang, aided and abetted the murder of a rival gang member and attempted to murder two others.

In 2002, a jury convicted defendant of second degree murder, two counts of attempted first degree murder, and shooting into an occupied motor vehicle. The jury also found true certain firearm and gang enhancement allegations.

On defendant's direct appeal, we modified the judgment by striking the gang enhancements on the attempted murder counts and affirmed the judgment as modified. (*People v. Herrera* (Sept. 28, 2006, B181092) [nonpub. opn.].)

In February 2019, defendant filed a petition to recall his sentence and be resentenced under Penal Code[1] section 1170.95. He alleged that he was convicted of murder pursuant to the felony murder rule or the natural and probable consequences doctrine, he "was not the actual killer," and he could not now be convicted of murder pursuant to changes made by recent amendments to sections 188 and 189.

The court appointed counsel for defendant and set a hearing on the petition. The People filed an opposition to the petition; defendant, through counsel, filed a reply; and the People filed a supplemental opposition.

At a hearing to determine whether defendant was eligible for relief under section 1170.95, defendant was represented by the attorney who represented him at his trial 18 years earlier. The attorney reviewed the jury instructions in the record of the trial and confirmed his recollection that the case was not prosecuted on a theory of felony murder or the natural and probable consequences

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

doctrine; rather, defendant had "been convicted as an aider and abettor straight up to a murder." The deputy district attorney agreed.

Based on the representations of counsel, the court ruled that defendant had "not stated a prima facie case" and, therefore, was "not eligible for relief under [section] 1170.95[, subdivision (a)]."

Defendant filed a timely notice of appeal and we appointed counsel for him.

## II.

On January 25, 2021, counsel sent a copy of the record on appeal to defendant and informed defendant of counsel's intention to file a brief that does not identify any arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel informed defendant "that under currently applicable procedures in this appellate district, [defendant] must file a supplemental brief of his own raising such issues as he thinks are appropriate before this [c]ourt will review the record for itself to ascertain potential issues."

Counsel thereafter filed a brief raising no issues on appeal and, citing *Wende,* requested that we independently review the record to determine if the lower court committed any error. Defendant did not file a supplemental brief or otherwise inform us of any potential issues for us to consider.

Although defendant's counsel requests that we follow the procedures identified in *Wende,* he acknowledges that a division of this court has held that *Wende* does not apply when, as here, the appeal is other than a direct appeal from the defendant's conviction. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 (*Cole*), review granted Oct. 14, 2020, S264278; accord, *People v. Figueras* (2021) 61 Cal.App.5th 108, 111−113, petn. for review pending, petn. filed Mar. 29, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1132, review granted Mar. 17, 2021, S266853; see also *People v.*

3

*Serrano* (2012) 211 Cal.App.4th 496, 503.)[2] We agree with these authorities.

Under *Cole*, "[i]f the defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned. This is because the order appealed from is presumed to be correct [citation], and in the absence of any arguments to the contrary, ineluctably leads to the conclusion that the appellant has not carried his or her burden of proving otherwise." (*Cole, supra*, 52 Cal.App.5th at pp. 1039–1040, rev. granted.)

Because defendant has not filed a supplemental brief, we deem the appeal abandoned and, for that reason, it is dismissed. (See *Cole, supra*, 52 Cal.App.5th at p. 1040, rev. granted.)

---

[2] As the *Cole* court explained, in a criminal appeal from a post-conviction order to which *Wende* does not apply, counsel who finds no arguable issue is required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole, supra*, 52 Cal.App.5th at p. 1038, rev. granted.) Counsel in this case fulfilled these requirements.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, P. J.

We concur:



CHANEY, J.



FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.